**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| COTTINGHAM & BUTLER INSURANCE SERVICES, INC., <br><br>    Plaintiff, <br><br>vs. <br><br>SUMAN K. PATEL, <br><br>    Defendant. <br>------------------------------------------------<br>SUMAN K. PATEL, <br><br>    Counter Claimant, <br><br>vs. <br><br>COTTINGHAM & BUTLER INSURANCE SERVICES, INC., <br><br>    Counter Defendant. <br>------------------------------------------------<br>SUMAN K. PATEL, <br><br>    Third Party Plaintiff, <br><br>vs. <br><br>STEVEN SCHILL, <br><br>    Third Party Defendant. | No. 15-CV-1036-LRR <br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Plaintiff Cottingham & Butler Insurance Services, Inc.'s ("Cottingham") "Motion to Remand to State Court" ("Motion") (docket no. 12).

## II. PROCEDURAL HISTORY

On December 21, 2015, Cottingham filed the Motion. On December 30, 2015, Defendant Suman K. Patel filed a Resistance (docket no. 15). On January 8, 2016, Cottingham filed a Reply (docket no. 16). The matter is fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, Cottingham requests that the court remand the instant action to state court because Patel signed an Employment Agreement that contains a forum selection clause. *See* Motion at 3; Petition, Exhibit A (docket no. 4) at 15. Cottingham also argues that the Notice of Removal (docket no. 2) is defective because it "does not set forth a specific amount in controversy" and therefore violates Local Rule 81(f). *See* Brief in Support of the Motion (docket no. 12-1) at 6. Patel argues that the court should deny the Motion because the "forum selection clause does not require a remand" because it is "invalid" and "public factors . . . support retention of this case in this forum." Resistance at 5, 7 (formatting omitted). Patel also argues that the amount in controversy exceeds $75,000. *Id.* at 8.

### A. Forum Selection Clause

On November 12, 2012, Patel signed the Employment Agreement. *See* Petition, Exhibit A at 17. The Employment Agreement provides, in relevant part:

> Employee expressly consents to the jurisdiction of the Iowa courts. It is further agreed that any and all legal actions concerning this Employment Agreement shall be filed by the Employee in Dubuque County, Iowa. The parties also agree that the proper venue for all such actions, suits and proceedings shall be in Dubuque County, Iowa only.

*Id.* at 15.

"Because 'the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue,' there is some disagreement

among the circuits over whether state or federal law applies . . . ." *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) (quoting *Sun World Lines, Ltd. v. March Shipping Corp.*, 801 F.2d 1066, 1068-69 (8th Cir. 1986)) (citations omitted). Although the Eighth Circuit has yet to adopt a position on the issue, where the parties do not argue that the state and federal standards differ, the court will apply federal law. *See M.B. Rests., Inc. v. CKE Rests., Inc.*, 183 F.3d 750, 752 (8th Cir. 1999); *cf. Rainforest Café, Inc. v. EklecCo, L.L.C.*, 340 F.3d 544, 546 (8th Cir. 2003) (recognizing that the Eighth Circuit has not explicitly ruled on the issue, but stating the Eighth Circuit is "inclined to agree" that "federal law controls the question of whether [a] forum selection clause applies" in a diversity case).

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. They are enforceable unless they would actually deprive the opposing party of his fair day in court." *M.B. Rests., Inc.,* 183 F.3d at 752 (citations omitted). "[T]he forum [selection] clause should control absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). "While 'inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause,' a party can avoid enforcement of the clause by showing that proceeding 'in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 974 (8th Cir. 2012) (quoting *M.B. Rests., Inc.*, 183 F.3d at 753). Furthermore, the court must consider "the public policy of the forum state" in its analysis of enforceability. *Id.*

### 1. *Whether the forum selection clause is invalid*

Patel argues that the forum selection clause is invalid because it "is confusing and ambiguous," and because the Employment Agreement was not the product of an arm's length negotiation and, therefore, "the disparity in bargaining power and the lack of

3

negotiations" render the clause invalid. Resistance at 5, 7. Patel argues that the language "any and all legal actions concerning this Employment Agreement shall be filed by the Employee in Dubuque County, Iowa" is ambiguous because it leaves open the possibility that a legal action filed by the employer need not be filed in state court. *See id.* at 5-6. Furthermore, Patel argues that the Eastern Division for the United States District Court for the Northern District of Iowa "is the proper venue and district for Dubuque County" and that, therefore, the claim is properly before this court. *See id.*

The court finds that the forum selection clause is not confusing or ambiguous. The clause states, in full:

> Employee expressly consents to the jurisdiction of the Iowa courts. It is further agreed that any and all legal actions concerning this Employment Agreement shall be filed by the Employee in Dubuque County, Iowa. The parties also agree that the proper venue for all such actions, suits and proceedings shall be Dubuque County, Iowa only.

Petition, Exhibit A at 17. Under this provision, if an employee files a legal action concerning the Employment Agreement, he or she must file it in Dubuque County, Iowa. The next sentence constitutes the venue provision and dictates that the parties agree that the proper venue for all legal actions is Dubuque County, Iowa. *Id.* Therefore, under the venue provision, any legal action, whether filed by the employer or an employee, must be filed in Dubuque County, Iowa.[1] The separation of the venue provision from the clause regarding an employee-filed action demonstrates that the venue provision applies to all legal proceedings between the parties.

The court also finds that the Employment Agreement is not invalid due to any

---

[1] The court notes that Patel's argument that the forum selection clause only encompasses legal actions, suits and proceedings filed by the employee would result in his counterclaim being subject to the forum selection clause, even if Cottingham's claim were not.

disparity in bargaining power or opportunity for negotiation. "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Rests., Inc.*, 183 F.3d at 752. Patel argues that no negotiations took place regarding the signing of the Employment Agreement and that "the disparity in bargaining power between this major employer and an insurance salesman who was unrepresented by counsel casts doubt on the validity" of the clause. Resistance at 6. However, the fact that a forum selection clause was "not actually negotiated does not render the clause per se unenforceable." *M.B. Rests., Inc.*, 183 F.3d at 753. Additionally, a contract "offered on a 'take it or leave it' basis is not sufficient as a matter of law to establish adhesion," and, therefore, to deny enforcement of a forum selection clause. *See Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001). Patel does not argue that the clause is invalid for fraud or suggest that it overreaches. Accordingly, the court finds that the forum selection clause is valid. *See Brenner v. Nat'l Outdoor Leadership Sch.*, 20 F. Supp. 3d 709, 717 (D. Minn. 2014) (upholding a forum selection clause and finding that a contract between a college student and "a corporation with substantial resources and comparatively greater sophistication" was not a contract of adhesion because there was no "fraud or coercion," unsuccessful negotiation by the college student or insistence by the corporation upon the inclusion of the forum selection clause).

### 2. *Public policy factors*

Patel argues that other public factors "support retention of this case in this forum." Resistance at 7 (formatting omitted). Patel argues that his "counterclaim is properly before the [c]ourt on the basis of federal question jurisdiction" and Cottingham's claim is "properly before [the court] on the basis of diversity jurisdiction," and that remanding Cottingham's "claim would result in judicial inefficiency and open the door to the possibility for inconsistent results." Resistance at 7 (citing *RK Dixon Co. v. Dealer Mktg. Servs., Inc.*, 284 F. Supp. 2d 1204, 1213 (S.D. Iowa 2003)). However, as the court

addressed above, Patel's counterclaim is subject to the forum selection clause, so there is no risk of judicial inefficiency. Patel also argues that "the public factor of having local controversies decided locally supports [the court's] retention of the case." *Id*. at 8. Although the court agrees that Cedar Rapids is "local" for purposes of the instant action, Dubuque County, Iowa is also "local." Therefore, this factor does not weigh in favor of retention. Accordingly, the court finds that public factors do not warrant retention and the forum selection clause is enforceable.

### B. Amount in Controversy

Because forum selection clauses are "prima facie valid" and Patel has not demonstrated sufficient reasons for the court to decline to enforce the forum selection clause at issue, the court need not address Cottingham's argument that the Notice of Removal does not include an amount in controversy, as required by Local Rule 81(f).

### IV. CONCLUSION

In light of the foregoing, Cottingham's Motion to Remand (docket no. 12) is **GRANTED**. The Clerk of Court is **DIRECTED** to remand the case to state court and deny all pending motions as moot.

**IT IS SO ORDERED.**

**DATED** this 18th day of March, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA